# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2021

Lyle W. Cayce
Clerk

No. 20-60678
Summary Calendar

Modou Diop,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 750 016

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Modou Diop, a native and citizen of Senegal, petitions this court for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for relief from removal and denying his alternate motion to remand. He argues that the BIA abused its

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

discretion by declining to take administrative notice of the 2019 version of the United States Department of State's Human Rights Report for Senegal and failing to order a remand in light of that report. Diop further argues that the record compels the conclusion that he is entitled to asylum, withholding of removal and relief under the Convention Against Torture (CAT), and humanitarian asylum.

The BIA's denial of a motion to remand is reviewed by this court "under a highly deferential abuse-of-discretion standard." *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (internal quotation marks and citation omitted). A motion seeking a remand for the immigration judge to consider new evidence may be granted only if the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* Any change in country conditions was, at best, incremental and not material. *See Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). Therefore, the BIA did not abuse its discretion by implicitly refusing to consider the 2019 Report and denying the motion for remand. *See Milat*, 755 F.3d at 365; *Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019).

With respect to the denial of the underlying requested relief, we review for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted) (emphasis in original).

The record does not compel the conclusion that Diop established his eligibility for asylum because he failed to demonstrate that he suffered past persecution or has a well-founded fear of persecution if removed to Senegal. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020); *Zhao v. Gonzales*, 404

No. 20-60678

F.3d 295, 307 (5th Cir. 2005). Because Diop did not establish his eligibility for asylum, he cannot satisfy the higher standard required for withholding of removal. *See Chen*, 470 F.3d at 1138.

To obtain relief under the CAT, an alien must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Diop's fear of torture is speculative and, as such, does not meet this standard.

Finally, any error in the BIA's treatment of Diop's claim for humanitarian asylum was harmless. *See, e.g.*, *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009) (overlooking harmless error in the Board's decision). The legal standard for humanitarian asylum requires either (A) severe "past persecution" or (B) a "reasonable possibility" of "serious harm" if the alien is removed to his home country. 8 C.F.R. § 1208.13(b)(1)(iii). Diop cannot meet these standards for the same reasons he cannot meet the others in his petition. Accordingly, even if the BIA erred by overlooking this claim, any error was harmless.

DENIED.